UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE COLON,

        Petitioner,

                                    CASE NO. 13-12127

v.                               HONORABLE TERRENCE G. BERG

J.A. TERRIS,

        Respondent.

_____/

## ORDER SUMMARILY DISMISSING THE HABEAS PETITION, BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Jose Colon ("Petitioner"), who is currently an inmate at the Federal Correctional Institution in Milan, Michigan, has filed a habeas corpus petition under 28 U.S.C. § 2241.  Petitioner was convicted of drug and firearm offenses in the United States District Court for the Southern District of New York, and ultimately sentenced to forty years in prison.  In his habeas petition, Petitioner appears to allege that his trial attorney performed deficiently by advising him to withdraw his guilty plea and by not renegotiating a plea bargain after the trial court determined that the initial plea agreement was void.  Because § 2241 authorizes habeas petitions challenging the execution of the sentence, or the manner in which it is served, rather than the legality of the sentence, § 2241 is not the proper vehicle to challenge the legality of Petitioner's federal conviction and sentence.  Here Petitioner's claim is that his sentence was unlawful, not that the

1

manner of its execution is in violation of his rights.  Consequently, the habeas

petition under § 2241 must be dismissed.

## I. BACKGROUND

On February 9, 1993, Petitioner pleaded guilty to drug and firearm charges

in the Southern District of New York.  Several of his co-defendants, however,

proceeded to trial.  The trial court declared a mistrial in the co-defendants' case

after the Government informed the court that certain police officers who

participated in the investigation had been arrested on drug-related charges.

Petitioner's attorney then moved to withdraw Petitioner's guilty plea, and the trial

court determined that, in light of the mistrial in the co-defendants' case, Petitioner's

plea was void.  Petitioner was then tried before a jury.  Although the trial court

previously assured Petitioner that he would be able to introduce evidence of the

police corruption in the underlying investigation, it later reversed course and

Petitioner was not permitted to use such evidence as a defense at trial.

On May 9, 1994, the jury found Petitioner guilty of one count of conspiracy to

distribute heroin, one count of possession of heroin with intent to distribute it, and

one count of using and carrying a firearm during and in relation to narcotics

trafficking, 18 U.S.C. § 924(c).  The trial court sentenced Petitioner to life

imprisonment on the narcotics counts and to five consecutive years in prison on the

firearm count.   On direct appeal, the Second Circuit Court of Appeals affirmed

Petitioner's drug convictions, but vacated his firearm conviction in light of *Bailey v.*

*United States*, 516 U.S. 137, 143 (1995) (holding that "§ 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense"). The Second Circuit remanded Petitioner's case for re-sentencing on the two narcotics counts. *See United States v. Rosario*, 111 F.3d 293, 300 (2d Cir. 1997).

On remand, Petitioner argued, among other things, that his trial attorney was ineffective for advising him to withdraw his previous guilty plea and proceed to trial. The trial court rejected Petitioner's argument and re-sentenced him to consecutive terms of twenty years for each of the narcotics convictions, for a total of forty years in prison. Petitioner appealed the re-sentencing and once again argued that his trial attorney was ineffective for advising him to withdraw his guilty plea and go to trial after the district court ruled that he could not admit evidence of the police corruption that had led to the mistrial against his co-defendants. The Second Circuit found no merit in Petitioner's ineffective-assistance-of-counsel claim and affirmed the trial court's judgment of conviction. *See United States v. Millan*, 22 Fed. App'x 35, 36-37 (2d Cir. 2001).

Petitioner subsequently filed a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. The motion raised certain new claims about Petitioner's trial and appellate attorneys. The trial court rejected his claims and denied his motion. *See Colon v. United States,* Nos. 02 Civ. 8671 and 91 Cr. 685, 2003 WL 22517132 (S.D.N.Y. Nov. 6, 2003). Petitioner later moved to vacate the

3

trial court's decision pursuant to Federal Rule of Civil Procedure 60(b)(6), but the trial court found no merit in his claims and denied his motion. *See Colon v. United States*, Nos. 02 Civ. 8671 and 91 Cr. 685, 2006 WL 3705804 (S.D. N.Y. Dec. 14, 2006).

On May 13, 2013, Petitioner filed this habeas corpus petition. He again alleges that his trial attorney was ineffective for advising him to go to trial and that he is being unlawfully detained due to the trial court's erroneous interpretation of his Sixth Amendment right to effective assistance of counsel. In support of this claim, Petitioner cites *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), in which the Supreme Court held that, where an attorney's deficient performance results in the rejection of a plea offer and the defendant's subsequent conviction at trial, the defendant:

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id*. at 1385.

*Lafler* was decided after the trial court and the Second Circuit ruled on Petitioner's § 2255 and Rule 60(b)(6) motions. Petitioner therefore argues that the trial and circuit court rulings on his ineffective-assistance-of-counsel claim were based on an incorrect interpretation of the law. And because trial counsel's

4

allegedly ineffective assistance led to a greater sentence than what Petitioner was promised under the initial plea agreement, he argues that there is a reasonable probability that, if his counsel had tried to renegotiate the plea rather than go to trial, "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed" (Dkt. 1).   Petitioner maintains that he has served more time in prison than he would have received under the plea agreement and therefore seeks immediate release from custody.

## II. DISCUSSION

Federal prisoners may bring a habeas corpus petition under § 2241 in the district where they are incarcerated if they are challenging the execution of their sentences or the manner in which their sentences are served.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).  But the primary mechanism for challenging the legality of a federal sentence or for claiming the right to be released as a result of an unlawful sentence is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the sentencing court.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56.  Petitioner is challenging the legality and duration of his sentence, as opposed to, the execution or manner in which he is serving his sentence.  Therefore, the proper remedy for his claim is a motion to vacate, set aside, or correct the sentence under § 2255.

5

Petitioner invokes the "savings clause" of § 2255, which provides an exception to the rule that federal prisoners must challenge the legality of their sentences in a § 2255 motion.  The exception applies when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255.  *See* 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999).  Section 2255 provides a safety valve whereby federal prisoners may bring such a § 2241 claim if it appears the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention."  *United States v. Hayman*, 342 U.S. 205, 209 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997).  This "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions."  *Frost v. Snyder*, 13 Fed App'x. 243, 248 (6th Cir. 2001) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)).  It is the prisoner's burden to prove the remedy under § 2255 is inadequate or ineffective.  *See Charles*, 180 F.3d at 756.  The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire.  *Id.* at 756–58.

6

To date, the only circumstance in which the Sixth Circuit has determined §
2255 to be an ineffective or inadequate remedy is when the petition stated a facially
valid claim for actual innocence. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th
Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("[C]laims
do not fall within any arguable construction of ... [the savings clause when]
defendants have not shown an intervening change in the law that establishes their
actual innocence."); *Charles*, 180 F.3d at 756–57 (collecting cases); *see also Martin v.
Perez*, 319 F.3d 799, 804 (6th Cir. 2003). A valid assertion of actual innocence is
more than a belated declaration that the prisoner does not believe his sentence is
valid. Actual innocence suggests an intervening change in the law that establishes
a prisoner's actual innocence of a crime. *See Martin*, 319 F.3d at 804; *Peterman*,
249 F .3d at 462. Secondly, "actual innocence means factual innocence, not mere
legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523
U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding
that a substantive criminal statute no longer reaches certain conduct, i.e, that he
stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S.
at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)); *see also, Bailey v.
United States*, 516 U.S. 137, 150–151 (1995) (prisoners convicted of "using" a
firearm during a drug crime or violent crime found themselves innocent when
Supreme Court redefined "use" in a restrictive manner).

Petitioner appears to be alleging that the remedy under § 2255 is inadequate or ineffective because he has already filed one motion under § 2255, and he cannot file another motion under § 2255 unless an appellate panel certifies that the motion contains newly discovered evidence or a new and retroactive rule of constitutional law. *See* 28 U.S.C. § 2255(h). Petitioner is not relying on newly discovered evidence, and he concedes that *Lafler* probably is not based on a new rule of constitutional law. Because Petitioner acknowledges that he seems to lack sufficient grounds to support the filing of a second or successive petition, Petitioner maintains that a § 2255 motion is therefore an inadequate or ineffective remedy to challenge his current detention.

Unfortunately for Petitioner, the kind of argument he is making has been rejected by the Sixth Circuit. In this Circuit,

> [t]he unavailability of § 2255 relief does not alone establish inadequacy or ineffectiveness under the savings clause. Th[e Sixth Circuit] has clearly stated that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate[.]"

*Peterman*, 249 F.3d at 461 (quoting *Charles*, 180 F.3d at 756).

Again, "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Id.* "The savings clause may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). "'[A]ctual innocence' means factual innocence, not mere legal

8

insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This exception to the rule has been interpreted by the Sixth Circuit as "'actual innocence of the underlying, substantive offense, not 'innocence' of a sentencing factor.'" *Green v. Hemingway*, 67 Fed. App'x 255, 257 (6th Cir. 2003) (quoting *Rumler v. Hemingway*, 171 F. Supp.2d 705, 709 (E.D. Mich. 2001)). Another way to come within the savings clause of § 2255 is to allege that an intervening change in the law, such as the Supreme Court's decision in *Bailey*, establishes actual innocence. *Peterman*, 249 F.3d at 462.[1]

Petitioner is not claiming to be actually innocent of the underlying crimes for which he was found guilty.[2] Instead, Petitioner is claiming that, under *Lafler*, he had a Sixth Amendment right to effective assistance of counsel that extended to the plea-bargaining process. He contends that he was convicted and sentenced, and is presently detained, on an erroneous interpretation of his rights under the Sixth Amendment. Petitioner maintains that the incorrect interpretation of his constitutional rights resulted in his sentence being increased from eighteen years to forty years. And because he claims to have already served twenty-four years of his sentence, Petitioner maintains that his present incarceration exceeds the maximum sentence under a correct interpretation of the law. Petitioner concludes that his

---

[1] As explained in *Peterman,* "some prisoners convicted of 'using' a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court subsequently defined 'use' in a restrictive manner in *Bailey* . . . ." *Peterman*, 249 F.3d at 462.

[2] Petitioner, in fact, states in his supporting brief that he initially pleaded guilty "because he was guilty, and the Government's case was overwhelming against him" (Dkt. 1 at 3).

9

trial attorney performed deficiently by not re-negotiating a plea agreement and that his imprisonment is the result of this deficiency.

Petitioner's reliance on *Lafler* is misplaced, because *Lafler* "merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52 (1985)." *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012). Stated differently, *Lafler* did not announce a new rule of constitutional law, but "merely applied the Sixth Amendment right to counsel to a specific factual context." *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012). Thus, Petitioner has failed to demonstrate that he is actually innocent due to an intervening change in the law. In the absence of such a claim of actual innocence, Petitioner does not allege facts sufficient to fall within the savings clause of § 2255 and fails to show that this statute affords an inadequate or ineffective remedy.[3]

---

[3] If Petitioner would like to pursue this challenge to the legality of his sentence under § 2255, but is concerned that filing such a petition before the sentencing court would be viewed as second or successive petition and disallowed, the proper course of action would be to file a motion for leave to file a second or successive petition in the Second Circuit Court of Appeals, asking that Court for permission to file such a petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") In pointing out this procedural requirement, the Court states no opinion on whether such a motion would be likely to succeed. Alternatively, Petitioner may attempt to pursue a remedy in the Southern District of New York, by filing a motion under 18 U.S.C. § 3582(c)(2), which permits a district court to reduce a sentence that was imposed "based on a sentencing range that has subsequently been lowered by the Sentencing Commission..." *Id.* Again, this Court expresses no opinion on the likelihood of success of such a motion.

### III. CONCLUSION

To summarize, the proper remedy for a challenge to the lawfulness of a federal conviction and sentence is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  A prisoner may file a habeas petition under 28 U.S.C. § 2241 only when the remedy under § 2255 is inadequate or ineffective, such as when the petitioner makes a claim of actual innocence.  Petitioner has not demonstrated that he is actually innocent of the crimes for which he was convicted and sentenced or that an intervening change in the law establishes his actual innocence.  Therefore, Petitioner's remedy under § 2255 is not inadequate or ineffective, and the habeas petition is summarily **DISMISSED** without prejudice. This dismissal is pursuant to Habeas Rule 4, which "allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## IV.  APPEALABILITY; LEAVE TO PROCEED
### *IN FORMA PAUPERIS* ON APPEAL

If Petitioner appeals this Court's decision, he need not request a certificate of appealability because certificates of appealability are not needed to appeal the denial of a habeas corpus petition filed under § 2241 "where detention is pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner nevertheless may proceed *in forma pauperis* on appeal, because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

Dated:  April 29, 2015                            s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 29, 2015, using the CM/ECF system, which will send notification to all parties.

                                                  s/A. Chubb
                                                  Case Manager

12